# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEAN H. CHRISTENSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>DON ROGER NORMAN, an individual; WILLIAM ROGER WILLIAM NORMAN, an individual; CINDY GAGLIANO, an individual; and DOES 1-10,<br><br>    Defendants. | **REPORT AND RECOMMENDATION REGARDING DEFENDANTS' DON ROGER NORMAN AND CINDY GAGLIANO'S MOTION TO DISMISS**<br><br>Case No. 2:17-cv-01283-RJS-BCW<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Brooke C. Wells |

District Judge Robert J. Shelby referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1] This matter is before the court on Defendants' Don Roger Norman (Norman) and Cindy Gagliano's (Gagliano) Motion to Dismiss [ECF No. 25]. Having considered the parties' arguments and memoranda in support of and in opposition to said motion, and otherwise being fully informed on the matter, the court hereby recommends granting the motion.

## BACKGROUND AND ANALYSIS

Federal Rule of Civil Procedure 4(m) provides as follows: "If a defendant is not served within 90 days after the complaint is filed, the court –on motion or on its own after notice to the plaintiff –must dismiss the action without prejudice against that defendant or order that service

---

[1] ECF No. 15.

be made within a specified time."² Here, the Complaint was filed on December 13, 2017.³ That same day, the Clerk of Court issued Summons for Defendants Norman and Gagliano.⁴ About two months later, Plaintiff, who is appearing *pro se*, filed a motion for default judgment as to defendant Norman.⁵ The Clerk of the Court denied the motion explaining proper proof of service had not been provided to the court.⁶

Thereafter, Plaintiff filed a motion with the court seeking a 60-day extension of time to locate and serve Norman and Gagliano.⁷ The court granted Plaintiff a 30-day extension to locate and serve Norman and Gagliano, explaining "[n]o additional extensions will be given."⁸ It is undisputed Plaintiff did not serve Norman and/or Gagliano following the court's order.

Instead, Plaintiff argues the motion to dismiss should be denied because he effectuated service on both Norman and Gagliano back on January 20, 2018.⁹ The proof of service for both Norman and Gagliano are identical.¹⁰ They were both filed with the court on February 1, 2018,¹¹ and reflect that a process server purportedly left the summons with a "John Doe-co-habitant"¹² on January 20, 2018, however, it is unclear from the Proof of Service whether an actual copy of the Complaint was served.

---

² F.R.Civ.P. 4(m).
³ ECF No. 1.
⁴ *See* ECF Nos. 2 and 3.
⁵ ECF No. 8.
⁶ ECF No. 12.
⁷ ECF No. 14.
⁸ ECF No. 16.
⁹ ECF No. 30.
¹⁰ *See* ECF Nos. 6-7.
¹¹ *Id*.
¹² The Proof of Service lacks any form of description of the alleged "John Doe"–for example, regarding any identifying factors such as gender, age, ethnicity, height, weight, etc., as well as the alleged time of day when service was purportedly made.

Federal Rule of Civil Procedure 4(e)(2), requires delivering a copy of "the summons and complaint to the individual personally;" or leaving a copy of these documents at the individual's residence "with someone of suitable age and discretion who resides there." In this instance, there is not enough information on either Proof of Service to determine if Plaintiff's service attempt comports with Rule 4(e). In addition, it seems disingenuous for Plaintiff to represent to the court, under oath, that these defendants had not yet been served in order to obtain a 30-day extension, and then turn around and argue he has already effectuated proper service on these same defendants. The court also notes that Plaintiff sought the 30-day extension after the Clerk of the Court entered an Order[13] explaining to the Plaintiff the requirements of Federal Rule 4(e).

Because more than 90 days have passed since the complaint was filed under Rule 4(m), the court has already granted Plaintiff an extension to effectuate service, and as of today Plaintiff has not provided adequate proof of service for either Norman or Gagliano under Rule 4(e), the court has no choice but to recommend dismissing the complaint against Norman and Gagliano without prejudice.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss [ECF No. 25] be granted.

## NOTICE

Copies of this Report and Recommendation are being sent to Plaintiff who is hereby notified of his right to object.  Within fourteen (14) days after being served with a copy, Plaintiff may serve and file written objections to such proposed findings and recommendations as

---

[13] ECF No. 12.

provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 7th day of May, 2018.

BY THE COURT:

Brooke C. Wells
U.S. Magistrate Judge