# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEAN H. CHRISTENSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>DON ROGER NORMAN, an individual; WILLIAM ROGER WILLIAM NORMAN, an individual; CINDY GAGLIANO, an individual; and DOES 1-10,<br><br>    Defendants. | **REPORT AND RECOMMENDATION REGARDING MOTIONS TO DISMISS FOR IMPROPER VENUE**<br><br>Case No. 2:17-cv-01283-RJS-BCW<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Brooke C. Wells |

District Judge Robert J. Shelby referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  This matter is before the court on *Defendant Roger William Norman's Motion to Dismiss for Improper Venue and/or Motion to Transfer Venue*[2] and consolidated defendant's *Harvey Cohen's Motion to Dismiss for Improper Venue and/or Motion to Transfer Venue.*[3]  Both motions are substantively identical and are brought pursuant to Fed.R.Civ.P. 12(b)(3).  Notably, Plaintiff never filed a response as required by DUCivP 7-1(b) to Roger's motion, but he did file a reply for Harvey's motion.  Given that Plaintiff is a pro se litigant, the court construed the response to Harvey's motion as the response to Roger's motion.  Having reviewed the parties' arguments and memoranda, including the Asset Purchase

---

[1] ECF No. 15.
[2] ECF No. 19.
[3] ECF No. 39.  Harvey Cohen was named a defendant in a related action Case No. 2:18cv100715-JNP-BCW.  The undersigned issued an order granting a Motion to Consolidate the later filed action into the earlier filed action.  *See* ECF No. 38.

Agreement (APA) at issue here, and otherwise being fully informed on the matter, the court hereby recommends GRANTING the motions to dismiss for improper venue.

## BACKGROUND AND ANALYSIS

DUCivP 7-1(d) provides as follows: "Failure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice." Here, Defendant Roger William Norman (Roger) filed the motion to dismiss before the undersigned on April 12, 2018.[4] As of today, Plaintiff has not filed a response. Notably, Plaintiff filed a response to the motion to dismiss filed by defendants Don Roger Norman (Don) and Cindy Gagliano (Cindy).[5] This court issued a Report and Recommendation recommending that motion be granted;[6] Plaintiff filed an objection;[7] and the district judge adopted the recommendation and dismissed the claims against Don and Cindy.[8] Plaintiff also filed a response to a motion to dismiss for improper venue filed by Harvey Cohen (Harvey).[9] Given that Plaintiff is a pro se litigant, and the arguments raised by Harvey are identical to the arguments made by Roger in the motions to dismiss for improper venue before the undersigned, the court will construe Plaintiff's response to Harvey's motion as applicable to Roger's motion rather than recommend dismissal under DUCivP 7-1(d).

In the Complaint, Plaintiff asserts diversity jurisdiction under 28 U.S.C. §1332 and venue under 28 U.S.C. §1391 (b)(2) because the property he alleges is at issue is located in Grand

---

[4] *See id.*
[5] *See* ECF No. 30.
[6] ECF No. 33.
[7] ECF No. 34.
[8] ECF No. 35.
[9] *See* ECF Nos. 39 and 44, respectively.

County, Utah.[10] Plaintiff's claims for breach of contract and fraud are based on an Asset Purchase Agreement (APA) executed in September 2015 between Pacific Energy Mining Company (PEMC) and Fidelity Exploration & Production Company (FEPC).[11] Plaintiff alleges PEMC acted as his agent in the purchase of "the Property,"[12] and thus he was a "third-party beneficiary of the Contract."[13] According to Plaintiff, pursuant to a verbal agreement he made with Defendants, he was to receive "5% of the working interest in the Property" that PEMC purchased from FECP.[14]

The allegations in the Complaint are cryptic at best. Plaintiff makes bizarre allegations about affairs, whore houses, and bribes to the Governor of Nevada, just to name a few. It appears the crux of this law suit are the following allegations: 1) Plaintiff, through PEMC, entered into a verbal agreement with Defendants based upon a Memorandum of Understanding,[15] 2) Defendants used the verbal agreement to cause PEMC, and thus Plaintiff, to transfer their rights under the APA to Norman Oil & Gas, LCC, which is operated by Defendants, and 3) Defendants breached the agreement when they (i) did not fund the purchase of the Property[16] as agreed in the verbal agreement, (ii) prevented PEMC and thus Plaintiff from completing the purchase of the Property, (iii) negotiating with FECP to purchase the Property and (iv) trying to flip the APA to others without informing Plaintiff or its agent PEMC.

---

[10] *See* ECF No. 1 at ¶¶7-8.
[11] *Id*. at ¶13.
[12] *Id.* at ¶14. Notably, the Complaint is void of any details or description about said property, other than its location in Grand and Emery Counties.
[13] *Id*. at ¶15.
[14] *Id*. at ¶15, 30. On page 3 of the Complaint several paragraphs are numbered the same.
[15] *Id*. at ¶52. Plaintiff did not attach the alleged MOU to his Complaint.
[16] Plaintiff uses the term "property" loosely. It appears he only has an "interests in the Greentown Oil and Gas Filed located in Grand and Emery Counties." *See* ECF No. 1 at ¶10.

The basis of the two pending motions to dismiss is that Plaintiff's right to sue is premised on his alleged status as a third-party beneficiary of the APA[17] and the APA contains a forum selection clause.[18] It states:

> This agreement will be interpreted, construed and enforced in accordance with the laws of the State of Texas[.] . . . Each of Seller and Buyer consent to the exercise of jurisdiction *in personam* by the courts of the State of Texas for any action arising out of this Agreement, the other transaction documents or the transactions contemplated hereby. <u>All proceedings with respect to, arising directly or indirectly in connection with, out of, related to or from this Agreement or the other transaction documents shall be exclusively litigated in courts having sites in Houston, Harris County, Texas,</u> and each party waives any objection it may have to venue or jurisdiction therein.[19]

The provision quoted above appears in all capital letters and bold-faced type font in the APA. Since Plaintiff did not attach the APA to his complaint, both Roger and Harvey attached a copy of the APA to their motions.[20] Defendants argue the forum selection claims should be enforced as to Plaintiff. In response, Plaintiff asserts the forum selection clause does not apply to him because neither he or Defendants are "partner[s] or signator[ies] on the" APA. Plaintiff also raises the verbal agreement between him and the Defendants as a defense.

It is undisputed the conflict between the parties arose out of the APA, and transactions related to the APA. Likewise, Plaintiff does not dispute the APA contains a forum selection

---

[17] *See* Complaint, ECF No. 1 at ¶¶13-15. Notably, the APA contains a "No Third Party Beneficiaries" clause. *See* ECF No. 39 at 66, section 14.5.

[18] Rule 12(b) (3) allows for a motion to dismiss for improper venue. "A motion to dismiss on a forum selection clause frequently is analyzed as a motion for improper venue under Fed.R.Civ.P 12(b)(3)." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992).

[19] *See* ECF No. 39 at 66-67, section 14.7 (emphasis added).

[20] The court notes the APA is a detailed and voluminous document, which including exhibits amounts to almost 300 pages. This is not unusual given the purchase price of the Property was $11,500,000.00 dollars. Also, Defendants' attachment of the APA to their respective motions to dismiss does not convert the pending motion into a motion for summary judgment.

clause; he contends the forum selection clause does not apply here because neither he or the Defendants are parties or signatories to the APA.

Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."[21] To avoid enforcement of the forum selection clause, Plaintiff must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."[22] Based on the record, this court concludes Plaintiff has not met his burden.

Next, the court must determine whether the clause is mandatory or permissive. Only a mandatory forum selection clause supersedes the presumption in favor of Plaintiff's choice of forum.[23] "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere."[24] "[W]here venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive."[25] Here, the forum selection clause at issue states:

> Each of Seller and Buyer consent to the exercise of jurisdiction *in personam* by the courts of the State of Texas for any action arising out of this Agreement, the other transaction documents or the transactions contemplated hereby. All proceedings with respect to, arising directly or indirectly in connection with, out of, related to or from this Agreement or the other transaction documents shall be exclusively litigated in courts having sites in

---

[21] *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir.1992).
[22] *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).
[23] *Utah Pizza Serv., Inc. v. Heigel*, 784 F.Supp. 835, 837 (D.Utah 1992).
[24] *K & V Scientific Co., Inc. v. BMW*, 314 F.3d 494, 498 (10th Cir.2002) (internal citations and quotation marks omitted).
[25] *Id*. at 499 (emphasis added) (internal citation and quotation marks omitted).

>Houston, Harris County, Texas, and each party waives any objection it may have to venue or jurisdiction therein.

The court finds the clause is mandatory given the language of "exclusive jurisdiction." The court also finds that because the clause specifically refers to Harris County, it must be read to mean that venue is proper only in state courts located within Harris County, Texas. In the Tenth Circuit, a forum selection clause referring only to a specific county and not to a specific judicial district means the parties intended to have venue lie only in state court, not federal court. "For federal court purposes, venue is not stated in terms of 'counties.' Rather it is stated in terms of 'judicial districts.' *See* 28 U.S.C. § 1391."[26] Based on the holdings in *Milk 'N' More* and *Excell*, as well as the forum selection clause's specific reference to Harris County, the court concludes the forum selection clause in the APA is mandatory and requires that any the litigation "arising directly or indirectly in connection with, out of, related to or from" the APA must be brought in state court in Harris County, Texas.

Finally, Plaintiff cannot have it both ways–he cannot allege he is a third-party beneficiary of the APA, but concurrently argue that although his agent PEMC executed the APA, he is not personally bound by the terms of the APA. This is especially true here where there is evidence PEMC sued FEPC and Norman Oil and Gas in Harris County, Texas.[27] Even if this court assumes Plaintiff has standing as a third-party beneficiary (despite the APA's express "No Third

---

[26] *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir.1997) (holding that the clause "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado" was mandatory clause designating state court in El Paso County as exclusive venue); *Milk 'N' More v. Beavert*, 963 F.2d 1342, 1346 (10th Cir.1992) (holding that clause "venue shall be proper under this agreement in Johnson County, Kansas" was mandatory clause designating state court in Johnson County as exclusive venue).
[27] *See* ECF No. 19 at 313-315.

Party Beneficiaries" Clause), Plaintiff would have no greater venue rights than the contracting parties. Accordingly, this court recommends that the pending Motions to Dismiss be GRANTED and the case before the court should be dismissed with prejudice.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motions to dismiss for improper venue [ECF Nos. 19 and 39] be granted.  This recommendation moots the need to address other pending motions in this case, specifically, ECF Nos. 17, 18, 22, 26, 36, 41, 42, and 43.

## NOTICE

Copies of this Report and Recommendation are being sent to Plaintiff who is hereby notified of his right to object.   Within fourteen (14) days after being served with a copy, Plaintiff may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.  Any objection must be filed within this deadline.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 1st day of February, 2019.

BY THE COURT:

Brooke C. Wells
U.S. Magistrate Judge