IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEAN H. CHRISTENSEN,<br><br>Plaintiff,<br><br>v.<br><br>DON ROGER NORMAN, ROGER WILLIAM NORMAN, CINDY GAGLIANO, HARVEY COHEN, and DOES 1-10,<br><br>Defendants. | **ORDER OVERRULING OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING CASE**<br><br>Lead Case No. 2:17-cv-1283<br><br>Consolidated Case No. 2:18-cv-715<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Brooke C. Wells |

On March 6, 2018, the undersigned referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Judge Wells consolidated this case, 2:17-cv-1283, with the higher numbered case, 2:18-cv-715, on November 16, 2018.[2] Following consolidation, Judge Wells considered two pending motions to dismiss: Defendant Roger William Norman's "Motion to Dismiss and Memorandum in Support *of Dismissing for Improper Venue*,"[3] and Defendant Harvey Cohen's "Motion to Dismiss and Memorandum in Support *for Improper*

---

[1] Dkt. 15.

[2] Dkt. 38.

[3] Dkt. 19 (emphasis in original).

1

*Venue or to Transfer Venue.*"[4]  Judge Wells issued a Report and Recommendation on both

Motions on February 4, 2019.[5]

Judge Wells recommends dismissal on the grounds that Plaintiff Dean Christensen's claims arise out of an Asset Purchase Agreement (APA) with a mandatory forum selection clause that confines jurisdiction to courts in Houston, Harris County, Texas.[6]  Christensen timely objected to Judge Wells' Report and Recommendation, arguing the APA does not apply to him, and his claims are not bound by the APA's mandatory forum selection clause.[7]  For the reasons stated below, Christensen's Objections are overruled, Judge Wells' Report and Recommendation is adopted, and the case is dismissed without prejudice to refile in the correct forum.

"When a party timely objects to a magistrate judge's recommendation on a dispositive motion, the district court makes a de novo determination on the portions of the recommendation to which the party objects."[8]  Christensen objects to Judge Wells' Report and Recommendation on three grounds.  Applying de novo review, the court addresses each objection in turn.

First, Christensen argues he is not bound by the APA, and his claims are not bound by the APA's mandatory forum selection clause.[9]  Christensen's original Complaint asserts claims for

---

[4] Dkt. 39 (emphasis in original).  On November 6, 2018, Cohen filed the same motion to dismiss in the case before Judge Parrish.  *See* Case No. 2:18-cv-715, Dkt. 7.  After Judge Wells ruled to consolidate the cases, Cohen re-filed the motion to dismiss.

[5] Dkt. 54 at 1–2.

[6] Dkt. 54 at 5–6.

[7] Dkt. 56 at 1–2.

[8] *Folks v. State Farm Mut. Auto. Ins. Co.*, 784 F.3d 730, 735 n.12 (10th Cir. 2015) (citing 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[9] Dkt. 56 at 1–2.

breach of contract and fraud.[10] Both claims arise out of the APA.[11] Additionally, Christensen's original Complaint alleges he is a "third-party beneficiary" of the APA,[12] and the APA expressly states "[a]ll proceedings with respect to, arising directly or indirectly in connection with, out of, related to or from this Agreement or the other transaction documents shall be exclusively litigated in courts having sites in Houston, Harris County, Texas[.]"[13] "Such clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."[14] Christensen fails to meet this burden. Therefore, Christensen's first Objection is overruled.

Second, Christensen objects to the court's failure to consider contract claims in his amended complaints, which allege Defendants violated a "verbal agreement," not the APA.[15] The contract claims in Christensen's amended complaints nevertheless arise out of and relate to the subject matter of the APA.[16] "Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile."[17] Christensen's proposed amendments "fail[] to cure the deficiencies in the original pleading."[18] Amendment is accordingly futile, as the amended complaints could not survive motions to

---

[10] Dkt. 1 at ¶¶ 52–68.

[11] *Id.* at ¶ 13–15, 53, 58, 62–63.

[12] *Id.* at ¶ 15.

[13] Dkt. 39 at 66–67, section 14.7.

[14] *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992).

[15] Dkt. 56 at 2.

[16] Dkt. 26-1 at ¶¶ 45–48, 50–53; Dkt. 42-1 at ¶¶ 31–34, 36–38, 43–44.

[17] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

[18] *Hafen v. Carter*, 248 F. App'x 43, 46 (10th Cir. 2007).

dismiss for improper venue, raising the same issues presented in the instant motions to dismiss. Christensen's second Objection is overruled.

Third, Christensen objects to the court's failure to consider the emotional distress claim in his amended complaints.[19] Christensen's amended complaints do not include an "emotional distress" claim. They instead include claims for Conspiracy to Commit Fraud,[20] Fraud,[21] and Breach of Agreement.[22] These amendments are futile because they subject Christensen's complaint to dismissal for lack of venue. Christensen's third Objection is therefore overruled.

The court adopts Judge Wells' Report and Recommendation in its entirety.[23] Defendant Roger William Norman's Motion to Dismiss[24] and Defendant Harvey Cohen's Motion to Dismiss[25] are GRANTED, and the case is DISMISSED without prejudice. Christensen may refile in Texas State courts in Houston, Harris County, Texas.[26]

Having concluded this case was filed in the wrong forum, the court lacks any basis to resolve the remaining motions pending, and it will defer to the chosen forum to make rulings as appropriate.[27] Accordingly, the remaining motions are denied without prejudice. The Clerk of Court is directed to close this case.

---

[19] *Id.* at 2.

[20] Dkt. 26-1 at ¶¶ 44–49; Dkt. 42-1 at ¶¶ 30–35.

[21] Dkt. 26-1 at ¶¶ 50–56; Dkt. 42-1 at ¶¶ 36–42.

[22] Dkt. 42-1 at ¶¶ 43–45.

[23] Dkt. 54.

[24] Dkt. 19.

[25] Dkt. 39.

[26] *See* Dkt. 39 at 66–67, section 14.7.

[27] Dkts. 17–18, 22, 26, 36, 41–42, 43, and 53.

SO ORDERED this 20th day of March, 2019.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge